## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                              Case No. 17-40093-01-DDC

JAMES D. EDWARDS,

      Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner James Edwards's "Motion for Release Under the Cares Act of 2020 Modification of Sentence Covid 19" (Doc. 34).  The government has filed a Response (Doc. 35) and Mr. Edwards has replied (Doc. 36).  For reasons explained below, the court dismisses Mr. Edwards's motion.

### I.     Background

On March 1, 2018, Mr. Edwards entered a guilty plea to a Superseding Information (Doc. 26) charging one count of possession with intent to distribute less than 50 kilograms of marijuana, violating 21 U.S.C. § 841(a)(1) and § 841(b)(1)(D).  *See* Doc. 23.  The parties' Fed. R. Crim. P. 11(c)(1)(C) plea agreement proposed a term of 48 months' imprisonment, followed by two years of supervised release.  Doc. 26 at 2 (Plea Agreement ¶ 3).  On July 2, 2018, the court accepted the plea agreement and sentenced Mr. Edwards accordingly.  Doc. 31.

---

[1]      Because Mr. Edwards proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of advocate for a pro se litigant.  *Id.*

Mr. Edwards now seeks a sentence modification under the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), Pub. L. No. 116-136 (enacted March 27, 2020) because of the COVID-19 pandemic.  Doc. 34 at 1.  Specifically, he asks the court to "[m]odify his sentence and release him from federal prison."  *Id.*  He asserts that he currently is awaiting "possible transfer," but because the United States Marshal Service has "stopped transporting inmates . . . indefinitely," he must "suffer sitting in solitary confinement" and risk contracting COVID-19 if he remains in custody.  *Id.*

## II.    Analysis

The court first addresses Mr. Edwards's request under the CARES Act.  Concluding that it lacks jurisdiction under the CARES Act, the court then construes the motion to request release under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).

### A.  The CARES Act

Before a prisoner's release at the end of his custody sentence, the Director of the Bureau of Prisons ("BOP") may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2).  But the recently-enacted CARES Act expands the BOP's discretion in ordering home confinement.  It provides:  "the Director of [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under . . . [§] 3624(c)(2)." CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).

Mr. Edwards asks the court to "[m]odify his sentence and release him" under the CARES Act.  Doc. 34 at 1.  The court construes his motion as one asking the court to modify his custody sentence to home confinement.[2]  But the CARES Act authorizes the BOP—not the courts—to

---

[2]    To the extent Mr. Edwards seeks to reduce his sentence, the court lacks authority to grant this request.  "'A district court does not have inherent authority to modify a previously imposed sentence; it

expand the use of home confinement.  *United States v. Read-Forbes*, No. 12-20099-01-KHV,

2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad

discretion to expand the use of home confinement during the COVID-19 pandemic, the Court

lacks jurisdiction to order home detention under this provision." (citation omitted)); *United*

*States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 n.10 (D. Kan. Apr. 10, 2020)

(explaining that the CARES Act lengthens the duration that BOP's director may place an inmate

in home confinement, and that this procedure is separate from the court's jurisdiction to reduce a

sentence under the compassionate release statute, § 3582(c)(1)(A) (citing *United States v. Perry*,

No. 18-cr-00480-PAB, 2020 WL 1676773, at *2 n.2 (D. Colo. Apr. 3, 2020)).

       In sum, the court lacks jurisdiction to order home confinement under this CARES Act

provision.  The court thus dismisses Mr. Edwards's request under the CARES Act and construes

his motion as one seeking relief under the compassionate release statute, 18 U.S.C.

§ 3582(c)(1)(A).

### B.  Compassionate Release

       For reasons explained below, the court also lacks jurisdiction to decide Mr. Edwards's

motion under § 3582(c)(1)(A)—the compassionate release provision—because he has failed to

exhaust his administrative remedies.

### 1.  Legal Standard

       "[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence

only in specified instances where Congress has expressly granted the court jurisdiction to do

so.'"  *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v.*

*Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).  The compassionate release statute, 18 U.S.C.

---

may do so only pursuant to statutory authorization.'"  *United States v. Smartt*, 129 F.3d 539, 540 (10th
Cir. 1997) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)).

§ 3582(c), permits a court to modify a term of imprisonment but only if certain exceptions apply. Previously, these exceptions required the Bureau of Prisons to bring a motion on a defendant's behalf.  But in 2018, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.  First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194 (2018).  This amendment authorized a defendant to bring a motion for compassionate release from custody, but only if he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).  Unless the defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.  *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (noting that without an express statutory authorization, a court lacks jurisdiction to modify a sentence).

Assuming the statutory prerequisites are met, the court may grant relief under 18 U.S.C. § 3582(c)(1)(A) if (i) "extraordinary and compelling reasons" warrant a sentence reduction, or (ii) "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ."

## 2.  Analysis

Mr. Edwards seeks a sentence modification because of the COVID-19 pandemic.  Doc. 34 at 1.  The government contends that the court lacks jurisdiction to consider Mr. Edwards's motion because he had failed to exhaust his administrative remedies as 18 U.S.C. § 3582(c)(1)(A) requires.  Doc. 35 at 8.

The court agrees with the government.  Mr. Edwards has not shown that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or that 30 days have elapsed since he submitted an unanswered request for a motion to the warden.  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, 2020 WL 2521273, at *2–3 (E.D. Tenn. May 13, 2020) (noting the court cannot modify a term of imprisonment unless defendant has fully exhausted his administrative rights *or* allowed the lapse of 30 days from an unanswered request to the warden).  Mr. Edwards provides no information or allegations suggesting that he has made a request to the warden for compassionate release.  *Boyles*, 2020 WL 1819887, at *2.  Without a showing that Mr. Edwards has exhausted his administrative remedies—*i.e.*, he asked the warden for compassionate release and exhausted the administrative appeal process, or that more than 30 days have passed since he submitted his request to the warden—the court lacks jurisdiction to decide Mr. Edwards's motion under § 3582(c)(1)(A).  *Id.* (holding that a district court is without statutory authority to consider a motion for compassionate release when a defendant has failed to properly exhaust administrative remedies); *see also United States v. Raia*, 954 F.3d 594 (3d Cir. 2020) (holding that defendant's failure to exhaust administrative remedies "present[ed] a glaring roadblock foreclosing compassionate release" under § 3582(c)(1)(A)).

The court thus dismisses Mr. Edwards's motion (Doc. 34) for lack of jurisdiction.  *See Johnson*, 766 F. App'x at 651 (noting that when a court lacked statutory authority to modify a sentence, it "should have dismissed the motion for lack of jurisdiction"); *see also White*, 765 F.3d at 1250 (holding that "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of" a § 3582 motion where defendant failed to meet a statutory exception).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Edwards's Motion for

Release (Doc. 34) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 1st day of June, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**