IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

　　Plaintiff,

v.

**JAMES D. EDWARDS,**

　　Defendant.

Case No. 17-40093-01-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner James Edwards's Motion to Appoint Counsel (Doc. 41) and Motion for Modification of Sentence and Compassionate Release (Doc. 43). In July 2020, Mr. Edwards asked the court to appoint counsel for him. *See* Doc. 41. The court ordered the government to respond. Doc. 42. Before the government's deadline to respond, Mr. Edwards filed a Motion for Compassionate Release (Doc. 43). The government responded to the Motion for Compassionate Release (Doc. 45), and Mr. Edwards replied (Doc. 46). As explained below, the court denies Mr. Edwards's Motion to Appoint Counsel, but invites him to supplement his Motion for Compassionate Release within 15 days.

**I.    Background**

On March 1, 2018, Mr. Edwards entered a guilty plea to a Superseding Information charging one count of possession with intent to distribute less than 50 kilograms of marijuana, violating 21 U.S.C. § 841(a)(1) and § 841(b)(1)(D). *See* Doc. 23 at 1; Doc. 25 at 4. The parties'

---

[1] Because Mr. Edwards proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

Fed. R. Crim. P. 11(c)(1)(C) plea agreement proposed a term of 48 months' imprisonment, plus two years of supervised release. Doc. 26 at 2 (Plea Agreement ¶ 3). In July 2018, the court accepted the plea agreement and sentenced Mr. Edwards accordingly. *See* Doc. 31; Doc. 32. He is located currently at Kansas City RRM with an expected release date of February 27, 2021. *See* James D Edwards, Register No. 28868-031, https://www.bop.gov/inmateloc/.

## II.  Discussion

### A. Motion to Appoint Counsel

Mr. Edwards requests appointment of counsel as he seeks compassionate release due to his medical conditions during the COVID-19 pandemic. Doc. 41 at 1. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion."). When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

After considering Mr. Edwards's demonstrated ability to present his claim for compassionate release, the nature of the claim's factual issues, the claim's merits, and the complexity of its legal issues, the court concludes that the appointment of counsel is not warranted here. The court thus denies Mr. Edwards's Motion to Appoint Counsel (Doc. 41).

The court next considers Mr. Edwards's Motion for Modification of Sentence and Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 43).

### B. Motion for Compassionate Release

Mr. Edwards sought previously a sentence modification due to COVID-19.  *See* Doc. 34 at 1.  The court construed the motion as one as under both the CARES Act and 18 U.S.C. § 3582(c)(1)(A).  Doc. 37 at 2.  The court dismissed the motion on jurisdictional grounds because the court lacked jurisdiction to order home confinement under the CARES Act and Mr. Edwards failed to exhaust his administrative remedies as the statute requires.  *See id.* at 3, 5.

Mr. Edwards now returns to the batter's box.  He brings a new motion under 18 U.S.C. § 3582(c)(1)(A) seeking release from confinement (Doc. 43).  Much of his argument for compassionate release is specific to FCI Beaumont Low.  *See* Doc. 43 at 4, 6–7 (discussing conditions at Beaumont, the institution's "distinction of being the third highest ranking BOP institution in terms of numbers of inmates testing positive" for COVID-19, and the health risks Mr. Edwards faces there).  While the court was considering this motion, Mr. Edwards transferred from FCI Beaumont Low to Kansas City RRM.  *See* James D Edwards, Register No. 28868-031, https://www.bop.gov/inmateloc/ ("Located at:  Kansas City RRM").

Given Mr. Edwards's recent transfer to Kansas City RRM, his motion's arguments, based on conditions specific to FCI Beaumont, provide limited value to the court's evaluation of his current circumstances and whether they support his motion.  The court invites Mr. Edwards to supplement his prior filings with information about his current situation that the court should consider when ruling on his Motion for Compassionate Release.

### III.   Conclusion

Mr. Edwards's ability to present his claim for compassionate release and the nature of the facts and legal questions at issue do not warrant the appointment of counsel.  Given Mr. Edwards's transition from imprisonment to residential reentry management while the court was

3

considering his motion under § 3582(c)(1)(A) (Doc. 43), the court orders him to file any supplement to his motion within 15 days of this Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Edwards's Motion to Appoint Counsel (Doc. 41) is denied.

**IT IS FURTHER ORDERED THAT** Mr. Edwards is directed to file with the court any supplement to his Motion for Modification of Sentence and Compassionate Release (Doc. 43) within 15 days of this Order's date.

**IT IS SO ORDERED.**

Dated this 20th day of October, 2020, at Kansas City, Kansas.

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**