IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**JAMES D. EDWARDS,**

    **Defendant.**

**Case No. 17-40093-01-DDC**

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner James D. Edwards's motion under 18 U.S.C. § 3582(c)(1)(A), which he styled as an "Amended Motion for Modification of Sentence and Compassionate Release Pursuant to the First Step Act of 2018" (Doc. 43). The government filed a Response (Doc. 45), and Mr. Edwards filed a Reply (Doc. 46). Given his transfer between BOP institutions while his motion was pending, the court invited Mr. Edwards to supplement his motion. *See* Doc. 47. For reasons explained below, the court grants Mr. Edwards's motion under 18 U.S.C. § 3582(c)(1)(A).

**I.     Background**

On March 1, 2018, Mr. Edwards entered a guilty plea to a Superseding Information charging one count of possession with intent to distribute less than 50 kilograms of marijuana, violating 21 U.S.C. § 841(a)(1) and § 841(b)(1)(D). *See* Doc. 23 at 1; Doc. 25 at 4. The parties' plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) proposed a term of 48

---

[1]     Because Mr. Edwards proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

months' imprisonment, plus two years of supervised release.  Doc. 26 at 2 (Plea Agreement ¶ 3).  In July 2018, the court accepted the plea agreement and sentenced Mr. Edwards accordingly.  *See* Doc. 31; Doc. 32.  He served some of his sentence at FCI Beaumont Low, but is located currently at RRM Kansas City with an expected release date of February 27, 2021.  *See* Doc. 47 at 3; *see also* James D. Edwards, Register No. 28868-031, https://www.bop.gov/inmateloc/ (last visited Dec. 7, 2020).

## II.    Legal Standard

"'Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]'"  *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule."  *Id.*  The statute conferring subject matter jurisdiction over criminal offenses—18 U.S.C. § 3231—"by itself doesn't give the district court jurisdiction over all post-conviction motions[.]"  *Id.* (citations and quotation marks omitted).

Title 18 U.S.C. § 3582(c) announces a general rule that the "court may not modify a term of imprisonment once it has been imposed[.]"  But the statute also recognizes certain exceptions.  Even after it has imposed a term of imprisonment, the sentencing court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction

is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (citations and internal quotation marks omitted) (vacating district court's Order denying motion under § 3582(c)(1)(A) and remanding with instructions to dismiss motion for lack of jurisdiction); *see also United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *1–2 (D. Kan. Dec. 4, 2020) (discussing our Circuit's reading of § 3582(c) as jurisdictional).

### III. Discussion

An inmate seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). The court properly may consider a defendant's motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term." *Harris*, 2020 WL 7122430, at *2–3 (discussing competing readings of "the lapse of 30 days").

Here, plaintiff submitted his request to Complex Warden Shults on June 4, 2020. Doc. 43 at 1. He has attached copies of this request to his motion. *See* Doc. 43-1 at 1–2.[2] Mr. Edwards asserts that more than 30 days passed before the Warden responded to (and rejected)

---

[2]   Mr. Edwards's attention to detail and habit of providing the court with copies of his communications with BOP and medical records simplified the court's effort to evaluate his motion.

3

Mr. Edwards's request on July 13, 2020. *Id.*; *see also* Doc. 43-1 at 3. The government concedes that this lapse satisfies the statutory exhaustion requirement. *See* Doc. 45 at 7. The court agrees.

The government also concedes that Mr. Edwards has demonstrated medical conditions that qualify as "compelling and extraordinary" by DOJ and CDC standards. *Id.* at 14. The court agrees. Mr. Edwards documents various medical conditions including hypertension and a seizure condition. *See* Doc. 43 at 4. He provides medical records showing that he received two prescription medications for hypertension as recently as June 2020. *See* Doc. 43-1 at 9. Hypertension falls within the CDC's list of conditions that "might" place someone "at an increased risk for severe illness from the virus that causes COVID-19[.]" CDC, People with Certain Medical Conditions (updated Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 7, 2020).

And the government also acknowledges that Mr. Edwards does not necessarily pose a direct and immediate danger to society at large. *See* Doc. 45 at 15.

But the government nonetheless objects to Mr. Edwards's request for compassionate release on the ground that § 3553(a)'s sentencing factors disfavor his request. *Id.* The United States asserts that "a reduction to time-served would run counter relative to the nature and seriousness of his offense and the need for his sentence to provide just punishment and otherwise promote respect for the law." *Id.*; *see also* 18 U.S.C. § 3553(a)(1)–(2)(A). The government notes that though Mr. Edwards was convicted of possessing marijuana with the intent to distribute, his conviction was merely "the latest in an absolutely prolific string of criminal behavior." Doc. 45 at 15.

The court agrees with part of the government's argument. Mr. Edwards has conducted himself in a deplorable fashion for a substantial segment of his life. And this conduct has

4

produced a substantial criminal history. Mr. Edwards has bullied and physically assaulted members of the public, including—worst of all—women. But three defects inhere in the government's argument.

*First*, the government's argument ignores the fact that the court substantially departed from the guideline range when it sentenced Mr. Edwards. The Sentencing Guidelines recommended a sentence of 12 to 18 months. Consistent with the Plea Agreement, the court sentenced Mr. Edwards to 48 months—four times the bottom rung of the guidelines range.

*Second*, the United States relies on cases where defendant had served less than half of his sentence. *See id.* (first citing *United States v. Mathews*, No. 14-cr-20427-02, 2020 WL 3498100, at *2–4 (E.D. Mich. June 29, 2020) (denying defendant's motion for compassionate release where the court concluded "[d]rug-related offenses are serious and [d]efendant has only served 40% of his 151-month sentence" and defendant "would be a danger to others and the community if released"); then citing *United States v. Knight*, No. 15-20283, 2020 WL 3055987, at *3 (E.D. Mich. June 9, 2020) (denying defendant's motion for compassionate release where "his drug trafficking and possession of an AK-47 as a convicted felon demonstrate the danger he poses to the community[,]" he had "not been free of violations while in prison," and defendant had served only about 33% of his sentence)).

The facts in those cases differ markedly from Mr. Edwards's situation. When he filed his motion, Mr. Edwards had served about 86% of his sentence. At this point, this calculation nears 95%. As explained below, that difference matters. *See United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *5 (D. Kan. Oct. 8, 2020) (concluding that a modified sentence adequately reflected the pertinent § 3553(a) factors in aggregate where "[u]nlike the defendants in *Mathews* and *Knight*," defendant had "served most of his term of imprisonment").

5

*Third*, the government's analysis fails to analyze fully the § 3553(a) factors and the extent to which their application to Mr. Edwards has changed, in aggregate, since his original sentencing. *See id.* at *4–8 (discussing analysis of § 3553(a) under § 3582(c)(1)(A)). In *Johnson*, the court explained:

> [T]he government's arguments about factors under 18 U.S.C. § 3553(a)(1)–(2)(A) may be spot on, but if those factors are constant over time, the argument is incomplete if it fails to analyze whether other § 3553(a) factors—those non-static factors that might change over time—have changed enough to permit the court to conclude that the requested reduced sentence is appropriate when viewed through the lens of § 3553(a).

*Id.* at *5.

Where a defendant has served the vast majority of his term of imprisonment, the gap that results from reducing the sentence to time served is smaller and thus more easily, but not necessarily, cleared by a shift in the court's analysis of § 3553(a) since sentencing. *See id.* at *6. Here, the gap between Mr. Edwards's original sentence of imprisonment and a time-served sentence of imprisonment would be about two and a half months or roughly 5.2% of his 48-month sentence. *See* James D. Edwards, Register No. 28868-031, https://www.bop.gov/inmateloc/ (last visited Dec. 7, 2020) (scheduled release date Feb. 27, 2021). So, the severity gap between the original sentence and time-served sentence is about two and a half months in a residential reentry management facility.

Given Mr. Edwards's health conditions and the relative medical risks from COVID-19 that he faces in residential reentry management versus on release, certain § 3553(a) factors favor a lighter sentence more today than they did when the court considered them during Mr. Edwards's sentencing. The court's aggregate analysis of the § 3553(a) factors has shifted enough since Mr. Edwards's original sentencing to render appropriate the modified sentence and its reduced severity relative to the original sentence. The modified sentence reflects the

6

applicable sentencing factors and is sufficient to comply with the purposes set forth in § 3553(a)(2).

**IV.     Conclusion**

Mr. Edwards presents a circumstance that qualifies as extraordinary and compelling under § 3582(c)(1)(A)(i). The court concludes that the § 3553(a) factors permit a reduction of Mr. Edwards's sentence to time served, an extension of the period of supervised release to two years and two months, and that such modifications to his sentence are warranted by the extraordinary and compelling circumstances that his medical conditions and the COVID-19 pandemic present. The court thus grants Mr. Edwards's motion under 18 U.S.C. § 3582(c)(1)(A) and modifies his sentence consistent with this Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Edwards's Motion for Modification of Sentence and Compassionate Release (Doc. 43) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's period of supervised release is hereby extended to a total period of two years and two months. All previously-imposed terms and conditions of defendant's supervised release remain in effect.

**IT IS FURTHER ORDERED THAT** Mr. Edwards shall be released as soon as a residence is verified, a release plan is approved, appropriate travel arrangements are made, and it is safe for him to travel. There shall be no delay in ensuring that travel arrangements are made.

**IT IS SO ORDERED.**

**Dated this 10th day of December, 2020, at Kansas City, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**